UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 23-cr-23 (KMM/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>(1) TRINA MAE JOHNSON, and<br>(2) BOBBI JO JOHNSON,<br><br>    Defendants. | **ORDER AUTHORIZING VERBAL DISCUSSIONS WITH MEDICAL PROVIDERS SERVED WITH TRIAL SUBPOENAS**<br><br>**[Filed Under Seal]** |

Currently before the Court is the Government's Motion for Order Authorizing Verbal Discussions with Medical Providers Served with Trial Subpoenas. The Government seeks an order authorizing necessary verbal discussions with any medical providers served with trial subpoenas in this case. The Government has properly notified counsel for the victim's legal representative (Red Lake Ombimindwaa Gidinawemaaganinaadog or "OG"), and represents that Red Lake OG does not object to entry of an order authorizing such discussions. Accordingly, the Court hereby ORDERS the following:

1. This Order applies to the following patient who is alleged to be a victim in this case (the "Patient") [to be redacted from publicly filed version]:

    [REDACTED]

    [REDACTED]

2. This Order is issued pursuant to Rule 17(c)(3) of the Federal Rules of Criminal Procedure, and 45 C.F.R. § 512(e)(i) of the privacy regulations of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

3. This Order applies to any medical provider or other covered entity, as that term is defined by HIPAA, that is properly served by any of the parties to this case with a lawful subpoena to testify at the forthcoming trial (hereinafter "Subpoenaed Medical Providers").

4. If either party serves a trial subpoena on a Subpoenaed Medical Provider, the Subpoenaed Medical Providers are hereby authorized to have verbal discussions with counsel for any party as well as any investigators working on a party's behalf (e.g., law enforcement agents or defense investigators), in order to prepare for trial in this case. **Such discussions may include disclosure by the Subpoenaed Medical Providers of any of the Patient's medical, health, or other information protected by HIPAA or other privacy laws that is relevant to support or rebut a claim of child torture, abuse, endangerment, or neglect.** These disclosures may include any relevant information related to the Patient's physical, psychological, cognitive, developmental, behavioral, or emotional health— including but not limited to symptoms, diagnoses, assessments, medications, treatments, prognosis, and any opinions acquired, including whether a health condition/injury is related to or caused by a specific incident or event. The Subpoenaed Medical Providers are likewise authorized to disclose any such relevant medical information during any testimony they provide at trial (whether elicited by the subpoenaing party or another party to the case).

5. The parties receiving this information will use it only in connection with these

court proceedings, to aid their preparation for and presentation at trial, and consistent with the terms of the Protective Order previously entered in this case at ECF No. 68.

      6.      The parties may serve an unredacted version of this Order upon any medical provider who is properly served with at trial subpoena in this case.

      IT IS SO ORDERED.

Date: February 27, 2024                            *s/Katherine Menendez*
                                                    Katherine Menendez
                                                    United States District Court